2020R00025/VD

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| | : | Crim. No. 20-802 (MCA) |
| v. | : | |
| | : | 18 U.S.C. § 1344(2) |
| JORDANS WILLIAMS | : | 18 U.S.C. § 1028A(a)(1) |
| | : | 18 U.S.C. § 2 |
| | : | |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Counts One through Four
### (Bank Fraud)

1. At all times relevant to this Indictment:

    a. Defendant JORDANS WILLIAMS was a resident of Hillside, New Jersey.

    b. Financial Institution 1 was a financial institution, as defined by Title 18, United States Code, Section 20, with headquarters in McLean, Virginia, and with accounts insured by the Federal Deposit Insurance Corporation ("FDIC").

    c. Financial Institution 2 was a financial institution, as defined by Title 18, United States Code, Section 20, with U.S. headquarters in Cherry Hill, NJ, and with accounts insured by the FDIC.

    d. Company 1 was a transportation and logistics company based in Mexico with offices in Laredo, TX.

e. Company 2 was an oil field services company based in San Antonio, TX.

f. Company 3 was an aviation support company located in Las Vegas, NV.

g. Company 4 was a regional bottler of a popular carbonated soft drink located in Denver, CO.

h. Individual 1 was a resident of Seattle, Washington.

i. Individual 2 was a resident of White Plains, New York.

j. Individual 3 was a resident of New York, New York.

k. Individual 4 was a resident of Superior, Colorado.

**The Scheme to Defraud**

2. From at least in or around August 2019 through in or around February 2020, in Union, Essex, and Morris Counties, in the District of New Jersey and elsewhere, the defendant,

JORDANS WILLIAMS,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of financial institutions, to wit: Financial Institution 1 and Financial Institution 2, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, as set forth more fully below.

### The Goal of the Scheme to Defraud

3.  The goal of the scheme was for WILLIAMS to enrich himself by opening accounts with Financial Institution 1 and Financial Institution 2, using the identities of Individuals 1, 2, 3, and 4, and by means of materially false and fraudulent pretenses, and then depositing stolen checks into those accounts.

### Manner and Means of the Scheme to Defraud

4.  It was part of the scheme to defraud that:

   a. On or about August 20, 2019, WILLIAMS opened a checking account at Financial Institution 1 for a New Jersey-registered company with a name nearly identical to Company 1 ("Checking Account 1"). WILLIAMS purported to be Individual 1 and the owner of a New Jersey-registered company with a name nearly identical to Company 1. When opening the account, WILLIAMS provided Financial Institution 1 with Individual 1's date of birth and social security number.

   b. On or about August 21, 2019, WILLIAMS deposited a stolen check in the amount of approximately $46,186.26 issued to Company 1 into Checking Account 1.

   c. On or about August 26, 2019, WILLIAMS opened a checking account at Financial Institution 2 for a New Jersey-registered company with a name nearly identical to Company 2 ("Checking Account 2"). WILLIAMS purported to be Individual 2 and the owner of a New Jersey-registered company with a name nearly identical to Company 2. When opening the account,

WILLIAMS provided Financial Institution 2 with Individual 2's date of birth and social security number.

  d. On or about August 27, 2019, WILLIAMS deposited a stolen check in the amount of approximately $155,422.50 issued to Company 2 into Checking Account 2.

  e. On or about September 30, 2019, WILLIAMS opened a checking account at Financial Institution 2 for a New Jersey-registered company with a name nearly identical to Company 3 ("Checking Account 3"). WILLIAMS purported to be Individual 3 and the owner of a New Jersey-registered company with a name nearly identical to Company 3. When opening the account, WILLIAMS provided Financial Institution 2 with Individual 3's date of birth and social security number.

  f. On or about October 2, 2019, WILLIAMS deposited a stolen check in the amount of approximately $40,049.01 issued to Company 3 into Checking Account 3.

  g. On or about January 10, 2020, WILLIAMS opened a checking account at Financial Institution 2 for a New Jersey-registered company with a name nearly identical to Company 4 ("Checking Account 4"). WILLIAMS purported to be Individual 4 and the owner of a New Jersey-registered company with a name nearly identical to Company 4. When opening the account, WILLIAMS provided Financial Institution 2 with Individual 4's date of birth and the social security number.

h. On or about January 13, 2020, WILLIAMS deposited a stolen check in the amount of approximately $62,582.90 issued to Company 4 into Checking Account 4.

### Execution of the of the Scheme to Defraud

5. On or about the dates listed below, in the District of New Jersey and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to obtain moneys, funds, and credits owned by and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, WILLIAMS deposited stolen checks into accounts opened with false and fraudulent information, each execution constituting a separate count of this Indictment:

| Count | Approximate Date | Description |
| --- | --- | --- |
| 1 | August 21, 2019 | WILLIAMS deposited a check in the amount of approximately $46,186.26 issued to Company 1 into Checking Account 1. |
| 2 | August 27, 2019 | WILLIAMS deposited a check in the amount of approximately $155,422.50 issued to Company 2 into Checking Account 2. |
| 3 | October 2, 2019 | WILLIAMS deposited a check in the amount of approximately $40,049.01 issued to Company 3 into Checking Account 3. |
| 4 | January 13, 2020 | WILLIAMS deposited a check in the amount of approximately $62,582.90 issued to Company 4 into Checking Account 4. |

All in violation of Title 18, United States Code, Section 1344(2), and Title 18, United States Code, Section 2.

## Counts Five through Eight
## (Aggravated Identity Theft)

1. The allegations in paragraphs 1, 3 and 4 of Counts One through Four of this Indictment are re-alleged and incorporated as if set forth fully herein.

2. On or about the dates listed below, in the District of New Jersey and elsewhere, the defendant,

JORDANS WILLIAMS,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a violation of a provision contained in Chapter 63 of the United States Code, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, as set forth below, each person's identification being a separate count of this Indictment:

| Count | Approximate Date | Description |
|---|---|---|
| 5 | August 20, 2019 | WILLIAMS provided the name, date of birth, and social security number of Individual 1 when opening an account at Financial Institution 1. |
| 6 | August 26, 2019 | WILLIAMS provided the name, date of birth and, social security number of Individual 2 when opening an account at Financial Institution 2. |
| 7 | September 30, 2019 | WILLIAMS provided the name, date of birth, and social security number of Individual 3 when opening an account at Financial Institution 2. |

| 8 | January 10, 2020 | WILLIAMS provided the name, date of birth, and social security number of Individual 4 when opening an account at Financial Institution 2. |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in paragraphs 1 through 5 of Counts 1 through 4 of this Indictment are hereby realleged and incorporated by reference for the purposes of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2. The United States hereby gives notice to the defendant,

JORDANS WILLIAMS,

that, upon conviction of the offenses charged in Counts 1 through 4 of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(2), of any and all property, real or personal, that constitutes or is derived from proceeds obtained directly or indirectly as a result of the violations of Title 18, United States Code, Sections 1344, alleged in Counts One through Four of this Indictment.

### Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code Section 2461(c).

███████████████████
FOREPERSON

*Craig Carpenito*
CRAIG CARPENITO
United States Attorney

CASE NUMBER: <u>20-802(MCA)</u>

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**JORDANS WILLIAMS**

## INDICTMENT FOR

18 U.S.C. § 1344(2)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

**A True Bill,**



**Foreperson**

CRAIG CARPENITO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

VIJAY DEWAN
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 297-4387